continues to cause to be submitted false or fraudulent claims for payment or approval, directly or indirectly, to officers, employees or agents of the State of California, for Zyprexa.

265.    At all times relevant to the complaint, Defendant Lilly knowingly violated the Anti-Kickback Statute.

266.    The amounts of the false or fraudulent claims to the State of California were material.

267.    Plaintiff State of California, being unaware of the falsity of the claims caused to be submitted by Defendant Lilly and in reliance on the accuracy thereof paid, and continues to pay, ineligible claims for reimbursement for off-label uses of Zyprexa. By reason of Defendant Lilly's wrongful conduct, this State has suffered substantial losses in an amount to be proved at trial, and therefore is entitled to multiple damages under its False Claims Act, to be determined at trial, plus the maximum penalties for each such false statement and/or records caused to be made or used by Defendant Lilly and each such false claim caused to be submitted by Defendant Lilly.

## COUNT VIII
### Delaware False Claims Act
### Del. Stat. Tit. VI. §1201

268.    Plaintiffs incorporate by reference and re-allege all of the foregoing paragraphs as if fully set forth herein. This Count is brought by Plaintiff-Relator Vicente in the name of the State of Delaware under the *qui tam* provisions of the Delaware False Claims and Reporting Act, Delaware Statute Title VI, Section 1201.

269.    Defendant Lilly at all times relevant to this action sold and marketed, and continues to sell and market, pharmaceuticals in the State of Delaware, including Zyprexa.

270.    By virtue of the above-described acts, among others, Defendant Lilly knowingly caused to be presented false or fraudulent claims for payment or approval, and continues to cause to be submitted false or fraudulent claims for payment or approval, directly or indirectly, to officers, employees or agents of the State of Delaware, for Zyprexa.

271.    At all times relevant to the complaint, Defendant Lilly knowingly violated the Anti-Kickback Statute.

272.    The amounts of the false or fraudulent claims to the State of Delaware were material.

273.    Plaintiff State of Delaware, being unaware of the falsity of the claims caused to be submitted by the Defendant Lilly, and in reliance on the accuracy thereof paid, and continues to pay, ineligible claims for reimbursement for off-label uses of Zyprexa.  By reason of Defendant Lilly's wrongful conduct, this State has suffered substantial losses in an amount to be proved at trial, and therefore is entitled to multiple damages under its False Claims Act, to be determined at trial, plus the maximum penalties for each such false statement and/or records caused to be made or used by Defendant Lilly and each such false claim caused to be submitted by Defendant Lilly.

## COUNT IX
### District of Columbia False Claims Act
### D.C. Stat. §2-308.03 *et seq.*

274.    Plaintiffs incorporate by reference and re-allege all of the foregoing paragraphs as if fully set forth herein. This Count is brought by Plaintiff-Relator Vicente in the name of the District of Columbia under the *qui tam* provisions of D.C. Stat. §2-308.03 *et seq.*

275.    Defendant Lilly at all times relevant to this action sold and marketed, and continues to sell and market, pharmaceuticals in the District of Columbia, including Zyprexa.

276.    By virtue of the above-described acts, among others, Defendant Lilly knowingly caused to be presented false or fraudulent claims for payment or approval, and continues to cause to be submitted false or fraudulent claims for payment or approval, directly or indirectly, to officers, employees or agents of the District of Columbia, for Zyprexa.

277.    At all times relevant to the complaint, Defendant Lilly knowingly violated the Anti-Kickback Statute.

278.    The amounts of the false or fraudulent claims to the District of Columbia were material.

279.    Plaintiff District of Columbia, being unaware of the falsity of the claims caused to be submitted by the Defendant Lilly, and in reliance on the accuracy thereof paid, and continues to pay, ineligible claims for reimbursement for off-label uses of Zyprexa. By reason of Defendant Lilly's wrongful conduct, this State has suffered substantial losses in an amount to be proved at trial, and therefore is entitled to multiple damages under its False Claims Act, to be determined at trial, plus the maximum

penalties for each such false statement and/or records caused to be made or used by Defendant Lilly and each such false claim caused to be submitted by Defendant Lilly.

## COUNT X
### Hawaii False Claims Act
### Haw. Rev. Stat. §661-21 *et seq.*

280.    Plaintiffs incorporate by reference and re-allege all of the foregoing paragraphs as if fully set forth herein. This Count is brought by Plaintiff-Relator Vicente in the name of the State of Hawaii under the *qui tam* provisions of Hawaii False Claims Act, Haw. Rev. Stat. §661-21 *et seq.*

281.    Defendant Lilly at all times relevant to this action sold and marketed, and continues to sell and market, pharmaceuticals in the State of Hawaii, including Zyprexa.

282.    By virtue of the above-described acts, among others, Defendant Lilly knowingly caused to be presented false or fraudulent claims for payment or approval, and continues to cause to be submitted false or fraudulent claims for payment or approval, directly or indirectly, to officers, employees or agents of the State of Hawaii, for Zyprexa.

283.    At all times relevant to the complaint, Defendant Lilly knowingly violated the Anti-Kickback Statute.

284.    The amounts of the false or fraudulent claims to the State of Hawaii were material.

285.    Plaintiff State of Hawaii, being unaware of the falsity of the claims caused to be submitted by Defendant Lilly, and in reliance on the accuracy thereof paid, and continues to pay, ineligible claims for reimbursement for off-label uses of Zyprexa. By reason of Defendant Lilly's wrongful conduct, this State has suffered substantial losses in an amount to be proved at trial, and therefore is entitled to multiple damages under its

False Claims Act, to be determined at trial, plus the maximum penalties for each such false statement and/or records caused to be made or used by Defendant Lilly and each such false claim caused to be submitted by Defendant Lilly.

## COUNT XI
### Louisiana Medical Assistance Programs Integrity Law
### Louisiana Rev. Stat. §437 *et seq.*

286. Plaintiffs incorporate by reference and re-allege all of the foregoing paragraphs as if fully set forth herein. This Count is brought by Plaintiff-Relator Vicente in the name of the State of Louisiana under the *qui tam* provisions of the Louisiana Medical Assistance Programs Integrity Law, Louisiana Rev. Stat. §437 *et seq.*

287. Defendant Lilly at all times relevant to this action sold and marketed, and continues to sell and market, pharmaceuticals in the State of Louisiana, including Zyprexa.

288. By virtue of the above-described acts, among others, Defendant Lilly knowingly caused to be presented false or fraudulent claims for payment or approval, and continues to cause to be submitted false or fraudulent claims for payment or approval, directly or indirectly, to officers, employees or agents of the State of Louisiana, for Zyprexa.

289. At all times relevant to the complaint, Defendant Lilly knowingly violated the Anti-Kickback Statute.

290. The amounts of the false or fraudulent claims to the State of Louisiana were material.

291. Plaintiff State of Louisiana, being unaware of the falsity of the claims caused to be submitted by the Defendant Lilly, and in reliance on the accuracy thereof

67

paid, and continues to pay, ineligible claims for reimbursement for off-label uses of Zyprexa. By reason of Defendant Lilly's wrongful conduct, this State has suffered substantial losses in an amount to be proved at trial, and therefore is entitled to multiple damages under its False Claims Act, to be determined at trial, plus the maximum penalties for each such false statement and/or records caused to be made or used by Defendant Lilly and each such false claim caused to be submitted by Defendant Lilly.

## COUNT XII
### Massachusetts False Claims Act
### Massachusetts Gen. Laws c.12 §5(A)
### (Against Defendant Lilly)

292.    Plaintiffs incorporate by reference and re-allege all of the foregoing paragraphs as if fully set forth herein. This Count is brought by Plaintiff-Relator Vicente in the name of the State of Massachusetts under the *qui tam* provisions of the Massachusetts False Claims Act, Massachusetts Gen. Laws c.12 §5(A).

293.    Defendant Lilly at all times relevant to this action sold and marketed, and continues to sell and market, pharmaceuticals in the Commonwealth of Massachusetts, including Zyprexa.

294.    By virtue of the above-described acts, among others, Defendant Lilly knowingly caused to be presented false or fraudulent claims for payment or approval, and continues to cause to be submitted false or fraudulent claims for payment or approval, directly or indirectly, to officers, employees or agents of the Commonwealth of Massachusetts, for Zyprexa.

295.    At all times relevant to the complaint, Defendant Lilly knowingly violated the Anti-Kickback Statute.

296.   The amounts of the false or fraudulent claims to the State of Massachusetts were material.

297.   Plaintiff Commonwealth of Massachusetts, being unaware of the falsity of the claims caused to be submitted by the Defendant Lilly's conspiracies and in reliance on the accuracy thereof, paid, and continues to pay, ineligible claims for reimbursement for off-label uses of Zyprexa.  By reason of Defendant Lilly's wrongful conduct, this State has suffered substantial losses in an amount to be proved at trial, and therefore is entitled to multiple damages under its False Claims Act, to be determined at trial, plus the maximum penalties for each such false statement and/or records caused to be made or used by Defendant Lilly and each such false claim caused to be submitted by Defendant Lilly.

## COUNT XIII
### Montana False Claims Act
### 2005 Mont. Code, CH. 465, HB 146, et seq.

298.   Plaintiffs incorporate by reference and re-allege all of the foregoing paragraphs as if fully set forth herein.  This Count is brought by Plaintiff-Relator Vicente in the name of the State of Montana under the *qui tam* provisions of the Montana False Claims Act, 2005 Mont. Code, CH. 465, HB 146, *et seq.*

299.   Defendant Lilly at all times relevant to this action sold and marketed, and continues to sell and market, pharmaceuticals, including Zyprexa, in the State of Montana.

300.   By virtue of the above-described acts, among others, Defendant Lilly knowingly caused to be presented false or fraudulent claims for payment or approval, and may continue to cause to be submitted false or fraudulent claims for payment or approval,

69

directly or indirectly, to officers, employees or agents of the State of Montana, for Zyprexa.

301.   At all times relevant to the complaint, Defendant Lilly knowingly violated the Anti-Kickback Statute.

302.   The amounts of the false or fraudulent claims Defendant Lilly caused to be made to the State of Montana were material.

303.   Plaintiff State of Montana, being unaware of the falsity of the claims caused to be submitted by the Defendant Lilly, and in reliance on the accuracy thereof, paid and may continue to pay for improperly prescribed Zyprexa.

304.   At all times relevant to the complaint, Lilly acted with the requisite knowledge.

305.   As a direct and proximate consequence of Defendant Lilly's conduct, the State of Montana has suffered significant, material financial damages in an amount to be proved at trial. By reason of Defendant Lilly's wrongful conduct, this State has suffered substantial losses in an amount to be proved at trial, and therefore is entitled to multiple damages under its False Claims Act, to be determined at trial, plus the maximum penalties for each such false statement and/or records caused to be made or used by Defendant Lilly and each such false claim caused to be submitted by Defendant Lilly.

306.   The State of Montana would not have suffered these devastating losses had the truth about Defendant Lilly's marketing of Zyprexa been known.

## COUNT XIV
### Tennessee Medicaid False Claims Act
### Tenn. Stat. §§75-1-181 *et seq.*

70

307. Plaintiffs incorporate by reference and re-allege all of the foregoing paragraphs as if fully set forth herein. This Count is brought by Plaintiff-Relator Vicente in the name of the State of Tennessee under the *qui tam* provisions of the Tennessee Medicaid False Claims Act, Tenn. Stat. §§75-1-181 *et seq.*

308. Defendant Lilly at all times relevant to this action sold and marketed, and continues to sell and market, pharmaceuticals in the State of Tennessee, including Zyprexa.

309. By virtue of the above-described acts, among others, Defendant Lilly knowingly caused to be presented false or fraudulent claims for payment or approval, and continues to cause to be submitted false or fraudulent claims for payment or approval, directly or indirectly, to officers, employees or agents of the State of Tennessee, for Zyprexa.

310. At all times relevant to the complaint, Defendant Lilly knowingly violated the Anti-Kickback Statute.

311. The amounts of the false or fraudulent claims to the State of Tennessee were material.

312. Plaintiff State of Tennessee, being unaware of the falsity of the claims and/or statements caused to be made by the Defendant Lilly, and in reliance on the accuracy thereof paid and may continue to pay ineligible prescription reimbursement claims for Zyprexa. By reason of Defendant Lilly's wrongful conduct, this State has suffered substantial losses in an amount to be proved at trial, and therefore is entitled to multiple damages under its False Claims Act, to be determined at trial, plus the maximum

penalties for each such false statement and/or records caused to be made or used by Defendant Lilly and each such false claim caused to be submitted by Defendant Lilly.

## COUNT XV
### Texas Medicaid Fraud Prevention Act
### Tx. Human Resources Code, Ch. 36, §36.101 *et seq.*

313.    Plaintiffs incorporate by reference and re-allege all of the foregoing paragraphs as if fully set forth herein. This Count is brought by Plaintiff-Relator Vicente in the name of the State of Texas under the *qui tam* provisions of the Texas Medicaid Fraud Prevention Act, Tx. Human Resources Code, Ch. 36, §36.101 *et seq.*

314.    Defendant Lilly at all times relevant to this action sold and marketed, and continues to sell and market, pharmaceuticals in the State of Texas, including Zyprexa.

315.    By virtue of the above-described acts, among others, Defendant Lilly knowingly caused to be presented false or fraudulent claims for payment or approval, and continues to cause to be submitted false or fraudulent claims for payment or approval, directly or indirectly, to officers, employees or agents of the State of Texas, for Zyprexa.

316.    At all times relevant to the complaint, Defendant Lilly knowingly violated the Anti-Kickback Statute.

317.    The amounts of the false or fraudulent claims to the State of Texas were material.

318.    Plaintiff State of Texas, being unaware of the falsity of the claims caused to be submitted by the Defendant Lilly, and in reliance on the accuracy thereof paid and continues to pay pharmacy reimbursement claims for Zyprexa which ineligible for reimbursement because, *inter alia*, they were prescribed for medically unnecessary and off-label uses. By reason of Defendant Lilly's wrongful conduct, this State has suffered

72

substantial losses in an amount to be proved at trial, and therefore is entitled to multiple damages under its False Claims Act, to be determined at trial, plus the maximum penalties for each such false statement and/or records caused to be made or used by Defendant Lilly and each such false claim caused to be submitted by Defendant Lilly.

## COUNT XVI
### Virginia Fraud Against Taxpayers Act
### Va. Stat. Ch. 842, Article 19.1, § 8.01-216.1 *et seq.*

319.    Plaintiffs incorporate by reference and re-allege all of the foregoing paragraphs as if fully set forth herein. This Count is brought by Plaintiff-Relator Vicente in the name of the Commonwealth of Virginia under the *qui tam* provisions of the Virginia Fraud Against Taxpayers Act, Va. Stat. Ch. 842, Article 19.1, § 8.01-216.1 *et seq.*

320.    Defendant Lilly at all times relevant to this action sold and marketed, and continues to sell and market, pharmaceuticals in the Commonwealth of Virginia, including Zyprexa.

321.    By virtue of the above-described acts, among others, Defendant Lilly knowingly caused to be presented false or fraudulent claims for payment or approval, and may continue to cause to be submitted false or fraudulent claims for payment or approval, directly or indirectly, to officers, employees or agents of the Commonwealth of Virginia, for Zyprexa.

322.    At all times relevant to the complaint, Defendant Lilly knowingly violated the Anti-Kickback Statute.

323.    The amounts of the false or fraudulent claims to the Commonwealth of Virginia were material.

73

324.   Plaintiff Commonwealth of Virginia, being unaware of the falsity of the claims caused to be submitted by the Defendant Lilly, and in reliance on the accuracy thereof paid and continues to pay pharmacy reimbursement for Zyprexa which were ineligible for reimbursement as alleged herein.  By reason of Defendant Lilly's wrongful conduct, this State has suffered substantial losses in an amount to be proved at trial, and therefore is entitled to multiple damages under its False Claims Act, to be determined at trial, plus the maximum penalties for each such false statement and/or records caused to be made or used by Defendant Lilly and each such false claim caused to be submitted by Defendant Lilly.

## COUNT XVII
### Indiana False Claims and Whistleblower Act
(IC 5-11-5.5 *et seq.*)

325.   Plaintiffs incorporate by reference and re-allege all of the foregoing paragraphs as if fully set forth herein.

326.   This Count is brought by Plaintiff-Relator Vicente in the name of the State of Indiana under the *qui tam* provisions of IC 5-11-5.5-4 for the Defendant Lilly's violations of IC 5-11-5.5-2.

327.   Defendant Lilly, at all times relevant to this action, sold and continues to sell pharmaceuticals in the State of Indiana, including Zyprexa.

328.   Through the acts described above and otherwise, Defendant Lilly knowingly caused to be presented for payment and approval to the Indiana Medicaid program, possibly continues to cause to be presented, directly or indirectly, to officers,

74

employees or agents of the State of Indiana, false and fraudulent claims in order to induce Medicaid reimbursement for Zyprexa that were not eligible for any such reimbursement.

329.   Through the acts described above and otherwise, Defendant Lilly knowingly caused to be made or used and continues to cause to be made or used, false and fraudulent statements and/or records, in order to induce Medicaid reimbursement for Zyprexa that were not eligible for any such reimbursement.

330.   As a result, Plaintiff Indiana reimbursed Medicare and Medicaid participating providers for ineligible claims of Zyprexa, resulting in material financial losses to the State of Indiana.

331.   At all times relevant to the complaint, Defendant Lilly knowingly violated the Anti-Kickback Statute.

332.   Plaintiff State of Indiana, unaware of the falsity of the claims caused to be presented by Defendant Lilly, and in reliance on the accuracy thereof, have paid and approved, and continue to pay and approve, claims for Zyprexa that would not have been paid or approved in any part if the truth were known.

333.   Plaintiff State of Indiana, unaware of the falsity of the records or statements caused to be made or used by Defendant Lilly, and in reliance on the accuracy thereof, have paid and approved, and continue to pay and approve, claims for Zyprexa that would not have been paid or approved in any part if the truth were known.

334.   By reason of Defendant Lilly's wrongful conduct, Indiana has suffered substantial losses in an amount to be proved at trial, and therefore is entitled to multiple damages under the state's false claims act in an amount to be determined at trial, plus

civil penalties for each such false statement, record and claim caused to be made or used by Defendant Lilly.

## COUNT XVIII
### Nevada False Claims Act
### Nevada Rev. Stat. §357.010 *et seq.*
### Submission of False Claims to State or Local Government.

335.    Plaintiffs reallege and incorporate by reference each and every of the foregoing paragraphs as if fully set forth herein. This Count is brought by Plaintiff-Relator Vicente in the name of the State of Nevada under the *qui tam* provisions of Nevada Rev. Stat. §357.010 *et seq.*, "Submission of False Claims to State or Local Government."

336.    Defendant Lilly, at all times relevant to this action, sold and continue to sell pharmaceuticals in the State of Nevada, including Zyprexa.

337.    At all times relevant and material to this Complaint, Defendant Lilly knowingly caused false claims for payment or approval for Zyprexa to be presented to officers and employees of the federal and state governments. As a result, the federal and state governments reimbursed Medicaid provider pharmacies for ineligible claims for Zyprexa, resulting in great financial loss to the Nevada government.

338.    At all times relevant to the complaint, Defendant Lilly knowingly violated the Anti-Kickback Statute.

339.    By virtue of the above-described acts, among others, Defendant Lilly knowingly caused to be made or used and continues to cause to be made or used false or fraudulent statements to get claims allowed or paid for Zyprexa by the State of Nevada, for Zyprexa.

340.    At all times relevant to the complaint, Defendant Lilly knowingly violated the Anti-Kickback Statute.

341.    The amounts of the false or fraudulent claims and statements caused to be made by Lilly to the State of Nevada were material.

342.    Plaintiff State of Nevada, being unaware of the falsity of the claims and/or statements caused to be made or used by Defendant Lilly, and in reliance on the accuracy thereof paid and continues to pay pharmacy reimbursement claims for Zyprexa, which as alleged in this Complaint, were ineligible for reimbursement.  By reason of Defendant Lilly's wrongful conduct, this State has suffered substantial losses in an amount to be proved at trial, and therefore is entitled to multiple damages under its False Claims Act, to be determined at trial, plus the maximum penalties for each such false statement and/or records caused to be made or used by Defendant Lilly and each such false claim caused to be submitted by Defendant Lilly.

## COUNT XIX
### New Hampshire False Claims Act
### (167:61-b *et. seq.*)

343.    Plaintiffs incorporate by reference and re-allege all of the foregoing paragraphs as if fully set forth herein. This Count is brought by Plaintiff-Relator Vicente in the name of the State of New Hampshire under the *qui tam* provisions of New Hampshire False Claims Act, 167:61-b *et. seq.*

344.    Defendant Lilly at all times relevant to this action sold and marketed, and continues to sell and market, pharmaceuticals including Zyprexa in the State of New Hampshire.

345.     Through the acts described above and otherwise, Defendant Lilly knowingly caused to be presented for payment and approval to the New Hampshire Medicaid and Medicare programs, and continues to cause to be presented, false and fraudulent claims, directly or indirectly, to officers, employees or agents of the State of New Hampshire, to induce Medicaid and/or Medicare reimbursement for claims for Zyprexa that were not and are not eligible for any such reimbursement.

346.     Through the acts described above and otherwise, Defendant Lilly knowingly caused to be made or used, and continues to cause to be made or used, false and fraudulent records and/or statements, in order to get claims for Zyprexa allowed or paid by Medicaid and/or Medicare, that were not eligible for any such reimbursement.

347.     At all times relevant to the complaint, Defendant Lilly knowingly violated the Anti-Kickback Statute.

348.     The amounts of the false or fraudulent claims to the State of New Hampshire were material.

349.     Plaintiff State of New Hampshire, unaware of the falsity of the claims presented or caused to be presented by Defendant Lilly, and in reliance on the accuracy thereof, have paid and approved, and continue to pay and approve, claims for Defendant Lilly's Zyprexa that would not have been paid or approved in any part if the truth were known.

350.     Plaintiff State of New Hampshire, unaware of the falsity of the records or statements caused to be made or used Defendant Lilly, and in reliance on the accuracy thereof, have paid and approved, and continue to pay and approve, claims for Defendant

Lilly's Zyprexa that would not have been paid or approved in any part if the truth were known.

351.    By reason of Defendant Lilly's wrongful conduct, New Hampshire has suffered substantial losses in an amount to be proved at trial, and therefore is entitled to multiple damages under the False Claims Act, to be determined at trial, plus the maximum penalties for each such false statement caused to be made or used by Defendant Lilly and each such false claim caused to be submitted by Defendant Lilly.

## COUNT XX
### Michigan Medicaid False Claims Act
### (M.C.L.A. 400.601 *et seq.*)

352.    Plaintiffs incorporate by reference and re-allege all of the foregoing paragraphs as if fully set forth herein. This Count is brought by Plaintiff-Relator Vicente in the name of the State of Michigan under the *qui tam* provisions of the Michigan False Claims Act, M.C.L.A. 4000.601 *et seq.*

353.    Defendant Lilly at all times relevant to this action sold and marketed, and continues to sell and market, pharmaceuticals in the State of Michigan, including Zyprexa. At all times relevant to the complaint, Defendant Lilly knowingly violated the Anti-Kickback Statute.

354.    Through the acts described above and otherwise, Defendant Lilly knowingly caused to be presented for payment and approval to the Michigan Medicaid and/or Medicare programs, and may continue to cause to be presented, false and fraudulent claims, directly or indirectly, to officers, employees or agents of the State of Michigan, in order to induce Medicaid and or Medicare to reimburse Medicaid or Medicare participating pharmaceutical providers for purchases of Zyprexa for Medicaid

beneficiaries when those claims were not and are not eligible for any such reimbursement.

355. Through the acts described above and otherwise, Defendant Lilly knowingly caused to be made or used, and may continue to cause to be used or made, false and fraudulent records and/or statements, in order to get claims for Zyprexa allowed or paid by Medicaid and/or Medicare that were not eligible for any such reimbursement.

356. The amounts of the false or fraudulent claims to the State of Michigan were material.

357. Plaintiff State of Michigan, unaware of the falsity of the claims caused to be presented by Defendant Lilly, and in reliance on the accuracy thereof, have paid and approved, and may continue to pay and approve, claims for Zyprexa that would not have been paid or approved in any part if the truth were known.

358. Plaintiff State of Michigan, unaware of the falsity of the records or statements caused to be made or used by Defendant Lilly, and in reliance on the accuracy thereof, have paid and approved, and may continue to pay and approve, claims for Zyprexa that would not have been paid or approved in any part if the truth were known.

359. By reason of Defendant Lilly's wrongful conduct, Michigan has suffered substantial financial losses in an amount to be proved at trial, and therefore is entitled to multiple damages under the False Claims Act, to be determined at trial, plus the maximum allowable civil penalties for each such false statement caused to made or used by Defendant Lilly and each such false claim caused to be made by Defendant Lilly.

## COUNT XXI
### Conspiracy to Submit False Claims in Violation of the Illinois Whistleblower Reward and Protection Act
### 740 ILCS 175/3(3)

360.    Plaintiffs re-allege and incorporate by reference all of the foregoing paragraphs as if fully set forth herein.

361.    By entering into illegal kickback agreements as detailed herein, Defendant Lilly conspired with healthcare providers to defraud the State of Illinois by causing the submission of false claims for Zyprexa.  At all times relevant to the complaint, Defendant Lilly knowingly violated the Anti-Kickback Statute.

362.    As a result of the claims for reimbursement Lilly caused to be submitted to Illinois Medicaid pursuant to their unlawful conspiracy, which were falsely certified compliant with federal and state Medicaid law and regulation as a condition of payment to LTC pharmacy benefit providers, Illinois regularly made payments to pharmacies for Zyprexa.

363.    The amounts of the false or fraudulent claims to the State of Illinois were material.

364.    Plaintiff State of Illinois, being unaware of the falsity of the claims and/or statements made by the conspirators, and in reliance on the accuracy thereof paid and may continue to pay for Zyprexa.  All unlawful conduct described above may have continued after Plaintiff-Relator voluntary left Lilly's employ.

## COUNT XXII
### Conspiracy to Submit False Claims in Violation of
### the California False Claims Act
### Ca. Gov't Code §12651(a)(3)

365.    Plaintiffs re-allege and incorporate by reference all of the foregoing paragraphs as if fully set forth herein.

366.    By entering into illegal kickback agreements as detailed herein, Defendant Lilly conspired with healthcare providers to defraud the State of California causing the submission of false claims for Zyprexa.  At all times relevant to the complaint, Defendant Lilly knowingly violated the Anti-Kickback Statute.

367.    As a result of the claims for reimbursement Defendant Lilly caused to be submitted to California Medicaid, which were falsely certified compliant with federal and state Medicaid law and regulation as a condition of payment to LTC pharmacy benefit providers, California regularly made payments to pharmacies for Zyprexa.

368.    The amounts of the false or fraudulent claims to the State of California were material.

369.    Plaintiff State of California, being unaware of the falsity of the claims and/or statements made by Defendant Lilly, and in reliance on the accuracy thereof paid and may continue to pay for Zyprexa.  All unlawful conduct described above may have continued after Plaintiff-Relator voluntary left Lilly's employ.

## COUNT XXIII
### Conspiracy to Submit False Claims In Violation of the Delaware False Claims Act
### Del. Code Tit. VI. §1201(a)(3)

370.    Plaintiffs re-allege and incorporate by reference all of the foregoing paragraphs as if fully set forth herein.

371.    By entering into illegal kickback agreements as detailed herein, Defendant Lilly conspired with healthcare providers to defraud the State of Delaware by submitting false claims and causing the submission of false claims for Zyprexa.  At all times relevant to the complaint, Defendant Lilly knowingly violated the Anti-Kickback Statute.

372.    As a result of the claims for reimbursement Defendant Lilly caused to be