may have continued after Plaintiff-Relator voluntary left Lilly's employ.

## COUNT XXXI
### Conspiracy to Submit False Claims in Violation of the New Hampshire Medicaid Fraud and False Claims Act

413. Plaintiffs re-allege and incorporate by reference all of the foregoing paragraphs as if fully set forth herein.

414. By entering into illegal kickback agreements as detailed herein, Defendant Lilly conspired with healthcare providers to defraud the State of New Hampshire by submitting false claims and causing the submission of false claims for Zyprexa.

415. As a result of the claims for reimbursement Defendant Lilly caused to be submitted to New Hampshire Medicaid, which were falsely certified compliant with federal and state Medicaid law and regulation as a condition of payment to LTC pharmacy benefit providers, New Hampshire regularly made payments to pharmacies for Zyprexa.

416. The amounts of the false or fraudulent claims to the State of New Hampshire were material.

417. Plaintiff State of New Hampshire, being unaware of the falsity of the claims and/or statements caused to be made by the Defendant Lilly, and in reliance on the accuracy thereof paid and may continue to pay for Zyprexa. All unlawful conduct described above may have continued after Plaintiff-Relator voluntary left Lilly's employ.

## COUNT XXXII
### NEW YORK FALSE CLAIMS ACT
### Causing to be Presented False Claims and Records

418. Plaintiffs re-allege and incorporate by reference all of the foregoing paragraphs as if fully set forth herein. This Count is brought by Plaintiff-Relator Vicente

in the name of the State of New York under the *qui tam* provisions of the New York False Claims Act.

419. Defendant Lilly, at all times relevant to this action, sold and continue to sell pharmaceuticals in the State of New York, including Zyprexa. At all times relevant and material to this Complaint, Defendant Lilly knowingly caused false claims for payment or approval for Zyprexa to be presented to officers and employees of New York State. As a result, the federal and state governments reimbursed Medicaid provider pharmacies for ineligible claims for Zyprexa, resulting in great financial loss to the New York government.

420. At all times relevant to the complaint, Defendant Lilly knowingly engaged in conduct that materially violated the Anti-Kickback Statute and pursuant to that conduct caused the submission of false claims to the State of New York for payment as well as caused the submission of false statements and/or records to get those claims paid.

421. By virtue of the above-described acts, among others, Defendant Lilly knowingly caused to be made or used and continues to cause to be made or used false or fraudulent statements to get claims allowed or paid for Zyprexa by the State of Nevada, for Zyprexa. By virtue of the above describes acts, among others, Defendant Lilly knowingly caused to be submitted, and continues to cause to be submitted, false and fraudulent claims for Zyprexa reimbursement to the State of New York

422. The amounts of the false or fraudulent claims and statements caused to be made by Lilly to the State of Nevada were material. Plaintiff State of New York, being unaware of the falsity of the claims and/or statements caused to be made or used by Defendant Lilly, and in reliance on the accuracy thereof paid and continues to pay for

Lilly's improperly prescribed drug Zyprexa. By reason of Defendant Lilly's wrongful conduct, this State has suffered substantial losses in an amount to be proved at trial, and therefore is entitled to multiple damages under its False Claims Act, to be determined at trial, plus the maximum penalties for each such false statement and/or records caused to be made or used by Defendant Lilly and each such false claim caused to be submitted by Defendant Lilly. All unlawful conduct described above may have continued after Plaintiff-Relator voluntary left Lilly's employ.

### COUNT XXXIII
### Conspiracy to Submit False Claims in Violation of the Tennessee Medicaid False Claims Act
### Tenn. Stat. §71-5-182(C)

423. Plaintiffs re-allege and incorporate by reference all of the foregoing paragraphs as if fully set forth herein.

424. By entering into illegal kickback agreements as detailed herein, Defendant Lilly conspired with healthcare providers to defraud the State of Tennessee by submitting false claims and causing the submission of false claims for Zyprexa.

425. As a result of the claims for reimbursement, Defendant Lilly caused to be submitted to Tennessee Medicaid, which were falsely certified compliant with federal and state Medicaid law and regulation as a condition of payment to Medicaid-participating pharmacy benefit providers, Tennessee regularly made payments to pharmacies for Zyprexa.

426. The amounts of the false or fraudulent claims to the State of Tennessee were material.

427. Plaintiff State of Tennessee, being unaware of the falsity of the claims and/or statements caused to be made by the Defendant Lilly, and in reliance on the

accuracy thereof paid and may continue to pay for Zyprexa. All unlawful conduct described above may have continued after Plaintiff-Relator voluntary left Lilly's employ.

## COUNT XXXIV
### Conspiracy to Submit False Claims in Violation of the Texas Medicaid False Claims Act
### Tx. Hum. Res. Code §36.002(9)

428. Plaintiffs re-allege and incorporate by reference all of the foregoing paragraphs as if fully set forth herein.

429. By entering into illegal kickback agreements as detailed herein, Defendant Lilly conspired with healthcare providers to defraud the State of Texas by submitting false claims and causing the submission of false claims for Zyprexa.

430. As a result of the claims for reimbursement Defendant Lilly caused to be submitted to Texas Medicaid, which were falsely certified compliant with federal and state Medicaid law and regulation as a condition of payment to LTC pharmacy benefit providers, Texas regularly made payments to pharmacies for Zyprexa.

431. The amounts of the false or fraudulent claims to the State of Texas were material.

432. Plaintiff State of Texas, being unaware of the falsity of the claims and/or statements caused to be made by the Defendant Lilly, and in reliance on the accuracy thereof paid and may continue to pay for Zyprexa. All unlawful conduct described above may have continued after Plaintiff-Relator voluntary left Lilly's employ.

## COUNT XXXV
### Conspiracy to Submit False Claims in Violation of the Virginia Fraud Against Taxpayers Act
### Va. Code §8.01-216.3(3)

433. Plaintiffs re-allege and incorporate by reference all of the foregoing

paragraphs as if fully set forth herein.

434. By entering into illegal kickback agreements as detailed herein, Defendant Lilly conspired with healthcare providers to defraud the Commonwealth of Virginia by submitting false claims and causing the submission of false claims for Zyprexa.

435. As a result of the claims for reimbursement Defendant Lilly caused to be submitted to Virginia Medicaid, which were falsely certified compliant with federal and state Medicaid law and regulation as a condition of payment to LTC pharmacy benefit providers, Virginia regularly made payments to pharmacies for Zyprexa.

436. The amounts of the false or fraudulent claims to the Commonwealth of Virginia were material.

437. Plaintiff Commonwealth of Virginia, being unaware of the falsity of the claims and/or statements caused to be made by the Defendant Lilly, and in reliance on the accuracy thereof paid and may continue to pay for Zyprexa. Lilly's unlawful conduct described above may have continued after Plaintiff-Relator voluntary left Lilly's employ.

## COUNT XXXVI
## NEW YORK FALSE CLAIMS ACT
### Conspiracy

438. Plaintiffs re-allege and incorporate by reference all of the foregoing paragraphs as if fully set forth herein.

439. By entering into illegal kickback agreements as detailed herein, Defendant Lilly conspired with healthcare providers to defraud the State of New York by submitting false claims and causing the submission of false claims for Zyprexa.

440. As a result of the claims for reimbursement Defendant Lilly caused to be submitted to New York's Medicaid program, all of which contained the false certification

of compliance with federal and state Medicaid law and regulations as a condition of payment to Medicaid-participating pharmacy benefit providers, New York regularly made payments to pharmacies for Zyprexa that it should not and would not have made had the truth been known..

441.  The amounts of the false or fraudulent claims to the State of New York as a direct and proximate cause of Lilly's conspiracies were material.

442.  Plaintiff State of New York, being unaware of the falsity of the claims and/or statements caused to be made by the Defendant Lilly, and in reliance on the accuracy thereof paid and may continue to pay for Zyprexa. All unlawful conduct described above may have continued after Plaintiff-Relator voluntary left Lilly's employ.

## JURY DEMAND

443.  Plaintiffs demand trial by jury on all claims.

**WHEREFORE**, Relator-Plaintiff, on behalf of herself, the United States government and the Plaintiff States, requests the following relief:

(a)  Judgment against Defendant Lilly in the amount of three (3) times the amount of damages the United States of America has sustained because of Defendant Lilly's actions, plus a civil penalty of $11,000.00 for each action in violation of 31 U.S.C. § 3729, and the appropriate fines and penalties for violating the protective federal laws applicable to the fraudulent and false conduct and the cost of this action with interest;

(b)  That this Court enter judgment against Defendant Lilly for the maximum amount of damages sustained by each State or District because of the Defendant Lilly's actions, plus the maximum civil penalty for each violation of the Illinois Whistleblower Reward and Protection Act, 740 ILCS 175, the California False Claims Act, Cal. Gov.

Code §12651(a), the Delaware False Claims and Reporting Act, Del. Stat. Tit. VI. §1201, the District of Columbia False Claims Act, D.C. Stat. §2-308.03 *et seq.*, the Florida False Claims Act, Fl. Stat. §§68.081-68.09, the Hawaii False Claims Act, Haw. Rev. Stat. §661-21 et seq., the Louisiana Medical Assistance Programs Integrity Law, La. Rev. Stat. §439, Massachusetts False Claims Act, Mass. Gen. Laws c.12 §5(A), the Michigan Medicaid False Claims Act, M.C.L.A. 400.601 et seq., the Montana False Claims Act, 2005 Mont. Code, CH. 465, HB 146, et seq., the Nevada False Claims Act, Nevada Rev. Stat. §357.010 et seq., the New Hampshire False Claims Act, 167:61-b et seq., the New York False Claims Act, New York State Finance Law, the New York False Claims Act, Article 13, §§187 et seq., the Tennessee Medicaid False Claims Act, Tenn. Stat. §§75-1-181 et seq., the Texas Medicaid Fraud Prevention Act, Tx. Human Resources Code, Ch. 36, §36.101 et seq., Indiana False Claims and Whistleblower Act, IC 5-11-5.5 et seq. and the Virginia Fraud Against Taxpayers Act, Va. Stat. Ch. 842, Article 19.1, §8.01-216.1 et seq., plus interest.

  (c) That Plaintiff-Relator be awarded the maximum amount allowed pursuant to Illinois Whistleblower Reward and Protection Act, 740 ILCS 175, the California False Claims Act, Cal. Gov. Code §12651(a), the Delaware False Claims and Reporting Act, Del. Stat. Tit. VI. §1201, the District of Columbia False Claims Act, D.C. Stat. §2-308.03 *et seq.*, the Florida False Claims Act, Fl. Stat. §§68.081-68.09, the Hawaii False Claims Act, Haw. Rev. Stat. §661-21 et seq., the Louisiana Medical Assistance Programs Integrity Law, La. Rev. Stat. §439, Massachusetts False Claims Act, Mass. Gen. Laws c.12 §5(A), the Michigan Medicaid False Claims Act, M.C.L.A. 400.601 et seq., the Montana False Claims Act, 2005 Mont. Code, CH. 465, HB 146, et seq., the Nevada

False Claims Act, Nevada Rev. Stat. §357.010 et seq., the New Hampshire False Claims Act, 167:61-b et seq., the New York State Finance Law, False Claims Act, Article 13, §§187 et seq., the Tennessee Medicaid False Claims Act, Tenn. Stat. §§75-1-181 et seq., the Texas Medicaid Fraud Prevention Act, Tx. Human Resources Code, Ch. 36, §36.101 et seq., Indiana False Claims and Whistleblower Act, IC 5-11-5.5 et seq. and the Virginia Fraud Against Taxpayers Act, Va. Stat. Ch. 842, Article 19.1, §8.01-216.1 et seq., plus interest, and all relief to which she is entitled pursuant to said laws

(d)   That the Plaintiff-Relator be awarded all costs incurred, including reasonable attorneys' fees;

(e)   In the event that the United States or any one or all of the Plaintiff States proceed with this action, Plaintiff-Relator Vicente, be awarded an appropriate amount for disclosing evidence or information that the United States and/or the Plaintiff States did not possess when this action was brought to the government. The appropriate amount is not greater than twenty-five percent (25%) of the proceeds of the action or settlement of a claim. The amount awarded to Plaintiff-Relator also includes the results of government actions or settlement of claims resulting from the expansion of claims through the government's further investigation directly generated from or attributable to Plaintiff-Relator's information; and,

(f)   Such other relief as this Court deems just and appropriate.

Respectfully submitted,

KENNEY EGAN McCAFFERTY & YOUNG

BRIAN P. KENNEY, ESQUIRE
MEREDITH T. SHEPHERD, ESQUIRE
BRANDON J. LAURIA, ESQUIRE

3031C Walton Road, Suite 202
Plymouth Meeting, PA 19462
Telephone: (610) 940-9099
Facsimile: (610) 940-0284

AND
NANCY HERSH, ESQUIRE
MARK E. BURTON, JR., ESQUIRE
RACHEL ABRAMS, ESQUIRE
HERSH & HERSH
A Professional Corporation
601 Van Ness Avenue
2080 Opera Plaza
San Francisco, CA 94102-6388
Telephone: (415) 441-5544
Facsimile: (415) 441-7586

**Attorneys for Plaintiff-Relator**